IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**

JAN 26 2006



RALPH L. DELOACH, CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No.  06-20016-01 |
| | ) |
| ERMAN CORPORATION, Inc.   , | ) |
| | ) |
| Defendant. | ) |

## PLEA AGREEMENT

The United States of America, by and through Special Assistant United States

Attorney, Raymond C. Bosch, the defendant, personally and by and through

defendant's counsel, Daniel O. Herrington, hereby enter into the following plea

agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1.   **Defendant's Guilty Plea.**   The defendant agrees to plead guilty to Count

1 of the charging Information,  a violation of Title 33, United States Code,

§1319(c)(1)(A), that is,  negligent violation of the Federal Water Pollution Control Act

(Clean Water Act).  By entering into this plea agreement, the defendant admits to

committing this offense, and to being guilty of this offense.

2.    **Applicability of the Sentencing Guidelines and Potential Sentence.**

The defendant understands that the United States Sentencing Guidelines relating to

the sentencing of organizations does not apply to the imposition of fines for

environmental crimes. *See* U.S.G. § 8C2.1 (Commentary-Background). The maximum

amount of the fine to be imposed under the statute charged could be the greater of

$25,000 per day of violation, the amount specified in 33 U.S.C. § 1319(c)(4), the law

**JOINT EXHIBIT**

A

setting forth the offense; twice the gross pecuniary gain derived from the crime or twice the gross pecuniary loss caused to the victim of the crime, 18 U.S.C. § 3571(d); or $200,000 per misdemeanor count, 18 U.S.C. § 3571(c)(5). The defendant understands that the penalty also includes a $125 mandatory special assessment, pursuant to 18 U.S.C. §3013(a)(B)(iii). The defendant understands that the Court may order a sentence of probation for up to five years.

3.    **Factual Basis for the Guilty Plea.**    The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

The Defendant ERMAN CORPORATION, INC. ("ERMAN"), at all times set forth herein, has been a corporation in good standing under the laws of the State of Kansas, and has been licensed to do business within the State of Kansas.   The company's primary business involves reclamation of railroad freight cars and ferrous scrap processing.

On or about September 19, 2002, employees of ERMAN began a project for the Burlington Northern and Santa Fe Railroad Company (BNSF), scrapping locomotives for BNSF.  All of the work took place at the BNSF rail yard located in City of Topeka, Shawnee County, Kansas.  Beginning October 3, 2002, employees of ERMAN, without the knowledge or consent of BNSF, began siphoning diesel fuel from one of BNSF's locomotive engines, located at the work site, and used said fuel to power ERMAN's crane, which ERMAN was using at the site as part of the scrapping project.  This siphoning activity continued on a regular basis from this time until on or about November 8, 2002, and was always done without the knowledge or consent of BNSF.

2

On or about November 8, 2002, employees of ERMAN siphoned diesel fuel as described above, however, when they completed this task, they failed to remove the siphoning hose from the engine and, as a consequence, a large undetermined amount of diesel fuel drained out of the hose and into Shunganunga Creek, a tributary of the Kansas River, which is classified as a "navigable water of the United States" under 33 U.S.C. §1362(7), and 40 C.F.R. § 110.1.

In responding to the diesel fuel spill described above, BNSF and its contractors removed several thousand gallons of diesel fuel from the Shunganunga Creek, as well as more than 80 tons of soil, which was impacted by the diesel fuel, from around the creek bed. During the course of this removal activity, the Police Department and the Fire Department for the City of Topeka maintained security in the area and otherwise assisted in the clean-up operations.

4.   **Joint Sentencing Recommendation.**

   a.   The United States and the defendant jointly recommend that the Court:

      (1)   Order the defendant to pay, immediately upon sentencing, a fine in this case in the amount of Fifty Thousand ($50,000.00) dollars.

      (2)   Order the defendant to pay, immediately upon sentencing if it has not been paid before that time, the special assessment of $125 due under Title 18, United States Code, Section 3013(a)(B)(iii).

5.   **Agreements by the United States**      In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees to not file any additional charges against the defendant or its employees arising out of

3

the facts forming the basis for the present indictment.  In the event the defendant

breaches or violates this plea agreement or otherwise fails to adhere to its terms, the

United States shall not be bound by this paragraph and may pursue any additional

charges arising from the criminal activity under investigation as well as any perjury,

false statement, or obstruction of justice charges which may have occurred.  The

defendant understands and agrees that in the event the defendant violates this plea

agreement, all statements made by the defendant subsequent to the execution of this

plea agreement, any testimony given by defendant before a grand jury or any tribunal or

any leads from such statements or testimony shall be admissible against the defendant

in any and all criminal proceedings.  The defendant waives any rights which might be

asserted under the United States Constitution, any statute, Federal Rules of Criminal

Procedure, § 11(f), Federal Rules of Evidence, § 410, or any other federal rule that

pertains to the admissibility of any statements made by the defendant subsequent to

this plea agreement.

      6.      **Defendant's Agreements.**  The defendant agrees to cooperate fully and

truthfully with the United States as follows:

          a.     Defendant agrees to provide truthful, complete, and accurate information and testimony in the trial of this matter, before any grand jury proceeding, or in any related hearing;

          b.     Defendant agrees to provide all information concerning the defendant's knowledge of, and participation in, the offenses charged in the indictment and all related conduct;

          c.     Defendant agrees that if the United States determines the defendant has not provided full and truthful cooperation, or has committed any local, state. or federal crime between the date of this plea agreement and sentencing, or has otherwise violated any

4

other provision of this plea agreement, the plea agreement may be voided and the defendant shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, perjury, obstruction of justice, and any substantive offenses arising from this investigation.  Such prosecution may be based upon any information provided by the defendant during the course of the defendant's cooperation, or upon leads derived therefrom, and this information may be used as evidence against the defendant.  In addition, the defendant's previously entered plea of guilty will remain in effect and cannot be withdrawn;

d.  Defendant agrees to fully and completely assist the United States in the identification and recovery of forfeitable assets, either domestic or foreign, which have been acquired directly or indirectly through the unlawful activities of the defendant, co-defendants, and/or co-conspirators and further agrees to not contest any forfeiture proceedings.

7.  **Sentence to be Determined by the Court.**    The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge.  The United States cannot and has not made any promise or representation as to what sentence the defendant will receive.

8.  **Withdrawal of Plea Not Permitted.**    The defendant understands that if the court accepts this plea agreement but imposes a sentence with which the defendant does not agree, the defendant will not be permitted to withdraw this plea of guilty.

9.  **Payment of Special Assessment**.    The defendant understands that a mandatory special assessment of $125 per count of conviction will be entered against the defendant at the time of sentencing.  The defendant agrees to deliver to the clerk of the court payment in the appropriate amount at or before the time of sentencing.  If the defendant fails to make full payment of the special assessment the United States will

no longer be bound by the provisions contained in Section 4(b) of this agreement.  The burden of establishing an inability to pay the required special assessment lies with the defendant.

10.    **Waiver of Appeal and Collateral Attack.**   Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence.  The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court.  The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18, U.S.C. § 3582(c)(2).  In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.  However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

11.    **Waiver of FOIA Request.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or

agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C. § 552, or the Privacy Act of 1974, Title 5, U.S.C. § 552a.

12.   **Waiver of Claim for Attorney's Fees**.   The defendant waives all claims under the Hyde Amendment, Title 18, U.S.C. § 3006A, for attorneys fees and other litigation expenses arising out of the investigation or prosecution of this matter.

13.   **Full Disclosure by United States.**   The defendant understands the United States will provide to the court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case.  This may include information concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activities.  The defendant understands these disclosures are not limited to the count to which the defendant has pled guilty.  The United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement.  The defendant also has the right to provide information concerning the offense and to make recommendations to the court and the United States Probation Office.

14.     **Parties to the Agreement.**     The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

15.     **No Other Agreements.**     The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel.  Further, the defendant acknowledges that its undersigned President, W. Theodore Roth, has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion.  The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties.  The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily.

16.     **Corporate Authorization to Voluntary Plea and Agreement.**

a.     Defendant ERMAN has provided to the United States and to the Court a notarized resolution of the Board of Directors of ERMAN bearing both notary and corporate seals, certifying that the undersigned W. Theodore Roth, President of ERMAN is authorized to plead guilty on behalf of ERMAN to the charges set forth in the Information, and to enter into this Plea Agreement on behalf of ERMAN.  Said notarized resolution is attached hereto, marked "Exhibit 1", and is incorporated herein by reference.  Defendant ERMAN agrees that the undersigned President of ERMAN shall

8

appear in Court in the District of Kansas on behalf of the ERMAN to enter the guilty plea and to receive the Court's sentence.

      b.    ERMAN, by its undersigned President, has read the Plea Agreement, understands it, and affirms that it was entered into freely and not through any threat or coercion.  In signing this document, the President of ERMAN, W. Theodore Roth, represents that he has been authorized by ERMAN's Board of Directors to sign this Plea Agreement on behalf of ERMAN and that his signature does, in fact, bind ERMAN to its terms.

      c.    ERMAN acknowledges that it is entering into this Plea Agreement and is pleading guilty freely and voluntarily.  ERMAN further acknowledges its understanding of the nature of the offense to which it is pleading guilty and the elements of the offense, including the penalties provided by law, and its complete satisfaction with the representation and advice received from its undersigned counsel. ERMAN understands that it has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against it, and the right to compulsory process for the attendance of witnesses to testify in the corporation's defense.  ERMAN understands that by pleading guilty, it waives or gives up those rights and that there will be no trial and it will be subject to any legal sentence of the Court.

_____          Date: _____
Raymond C. Bosch
Special Assistant U.S. Attorney
U.S. Environmental Protection Agency
901 North Fifth Street
Kansas City, Kansas 66101
Telephone number
District Ct. #77926


_____          Date: _____
Marietta Parker
Criminal Chief/Supervisor


ERMAN CORPORATION,
Defendant,
By: _____      Date:_____
    W. Theodore Roth, President


                                         Date:_____
_____
Daniel O. Herrington
Attorney for Defendant
2345 Grand Boulevard
Kansas City, Missouri 64108
(816) 221-3420
Ks.S.Ct.#  13954

10

**STATEMENT OF UNANIMOUS CONSENT TO ACTION
TAKEN IN LIEU OF A SPECIAL MEETING OF THE BOARD OF DIRECTORS
OF ERMAN CORPORATION, INC.**

In lieu of a Special Meeting of the Board of Directors of Erman Corporation, Inc., a Kansas corporation (the "Corporation"), the Directors of the Corporation, in accordance with the Corporate Code of Kansas, do hereby consent to the adoption and do hereby adopt the following Resolutions and declare them to be in full force and effect as if they were adopted at a regularly scheduled meeting of the Board of Directors of the Corporation:

WHEREAS, the Corporation's primary business involves reclamation of railroad freight cars and ferrous scrap processing; and

WHEREAS, a spill of diesel fuel occurred at a Burlington Northern and Santa Fe ("BNSF") rail yard in Topeka, Kansas in the fall of 2002; and

WHEREAS, a plea agreement has been reached with the United States in relation to the Incident; and

WHEREAS, the United States and the Corporation jointly recommend that the Court: (1) Order the Corporation to pay, immediately upon sentencing, a fine in this case in the amount of Fifty Thousand ($50,000.00) dollars; and (2) Order the Corporation to pay, immediately upon sentencing if it has not been paid before that time, the special assessment of $125 due under Title 18, United States Code, Section 3013(a)(B)(iii); and

WHEREAS, in return for the Corporation's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees to not file any additional charges against the Corporation or its employees arising out of the facts forming the basis for the present information.

NOW, THEREFORE, BE IT RESOLVED, that approval is hereby given for the undersigned W. Theodore Roth, President of the Corporation to sign the Plea Agreement, admitting to the Corporation's negligent violation of the Federal Water Pollution Control Act, in the above referenced incident. W. Theodore Roth, President of the Corporation, or any other officer, acting as an officer of the Corporation, is hereby directed and authorized to execute any and all documents necessary to implement this Plea; and

FURTHER RESOLVED, by its undersigned President, the Corporation has read the Plea Agreement, understands it, and affirms that it was entered into freely and not through any threat or coercion, and that the signature of W. Theodore Roth does, in fact, bind the Corporation to its terms; and

U.S. District Court, District of Kansas
U.S. v. Erman Corporation, Inc
Case No. 06-20016-01

Defendant's Exhibit No.  1

IN WITNESS WHEREOF, the undersigned, being all of the Directors of the Corporation, have executed this Statement of Unanimous Consent this **24** day of January, 2006.

W. Theodore Cox

Connie Cox

_____

_____

BEING ALL OF THE DIRECTORS OF THE
CORPORATION

_____

CORPORATE SEAL

STATE OF MISSOURI )
                                    )
COUNTY OF JACKSON                   ) ss.
                                    )

On this 26th day of January, 2006, before me, appeared W. Theodore Roth, to me personally known, who being by me duly sworn, did say that he is the President of Erman Corporation, Inc., a Kansas corporation, and that said instrument was signed in behalf of said Corporation by authority of its President, and said W. Theodore Roth acknowledged said instrument to be the free act and deed of said Corporation.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my notarial seal at my office the day and year last above written.

_____
Notary Public

My commission expires:

_____

GERALD I. KLOPPER
Notary Public - Notary Seal
State of Missouri
County of Jackson
My Commission Expires 09/25/2006



April 20, 2005

Erman Corporation
Mr. A. Douglas Roth

Dear Mr. Roth,

...am enclosing your executed release signed by me which covers the damages to the railway company dating back to November 8, 2004.    Thank you for your attention to this matter.    I am

Sincerely,

U.S. District Court, District of Kansas
U.S. v  Erman Corporation, Inc.
Case No. 06-20016-01

Defendant's Exhibit No.    2


BNSF Railway Company

Check Number:
Check Date:
Check Amount: $72,441.91

| Invoice | Date | Description | Amount Paid |
|---------|------|-------------|-------------|
| | 4/05/05 | Re: Diesel Fuel Remediation Settlement | 72,441.91 |

ERMAN CORPORATION

Seventy-Two Thousand Four Hundred Forty-One and 91/100 Dollars                    ********$72,441.91

BNSF Railway Company



*ARMSTRONG* TEASDALE *LLP*

Daniel O. Herrington
(816) 329-5405 (Fax)
dherrington@armstrongteasdale.com

| MISSOURI | KANSAS | ILLINOIS | WASHINGTON, DC | NEW YORK, NY | SHANGHAI | SYDNEY |

**ATTORNEYS AT LAW**

January 20, 2006

John R. Dowell
Assistant City Attorney
215 S.E. 7th, Room 353
Topeka, KS  66603

     **Re:**    **U.S. v. Erman Corporation, Case No. 06-20016-DJW**

Dear John:

    Enclosed are the two checks to the fire and police department.  We look forward to receipt of the signed release.

    If you have any questions, please call.

           Very truly yours,

           Daniel O. Herrington /kag.

DOH/kg
Enclosures

cc:   Raymond Bosh

U.S. District Court, District of Kansas
U.S. v. Erman Corporation, Inc.
Case No. 06-20016-01

Defendant's Exhibit No.   3

2345 GRAND BOULEVARD  |  SUITE 2000  |  KANSAS CITY, MISSOURI 64108-2617  |  TEL.: 816.221.3420  |  FAX: 816.221.0786

www.armstrongteasdale.com

Topeka Police Department

Check Number: 3019
Check Date: Dec 14, 2005
Check Amount: $2,089.90

| Invoice | Date | Description | Amount Paid |
|---------|------|-------------|-------------|
| 121205 | 12/12/05 | Re: BNSF | 2089.90 |

THIS CHECK IS VOID WITHOUT A BLUE & GREEN BACKGROUND AND AN ARTIFICIAL WATERMARK CERTIFICATION SEAL ON THE BACK - HOLD AT ANGLE TO VIEW SEAL

70-2556
719
Libertyville Bank & Trust Co.
Libertyville, IL 60048

**ERMAN CORPORATION**

21 N. Skokie Highway Ste G-7
Lake Bluff, IL 60044

Check Number: 3019

Date: Dec 14, 2005

Amount

Pay    Two Thousand Eighty-Nine and 90/100 Dollars                    ************$2,089.90

Pay to the order of

Topeka Police Department

SIGNATURE HAS A COLORED BACKGROUND • BORDER CONTAINS MICROPRINTING

⑈3019⑈ ⑊071925567⑊ ⑈085001211211⑈